**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| TRACY DONOVAN, Plaintiff, | : | |
| v. | : | Civil No. 3:25-CV-1094 (AWT) |
| JENNIFER HUTCHINS and JEREMY DIPIETRO, Defendants. | : | |

**RULING ON MOTIONS TO DISMISS**

Plaintiff Tracy Donovan's Amended Complaint and Request for Injunction ("Amended Complaint") (ECF No. 43) has claims for relief against defendants Jennifer Hutchins, in her official and individual capacities, and Jeremy DiPietro, in his official and individual capacities. Hutchins and DiPietro have both filed motions to dismiss the Amended Complaint in its entirety. For the reasons set forth below, each motion to dismiss is being granted.

## I. BACKGROUND

In the Amended Complaint, where the plaintiff is required to state facts underlying her claims, Donovan writes:

> On July 10, 2024, state police and animal control kicked in my door and began taking all of my pets. Their search and seizure warrant was shown to be illegal, based on hearsay, lies and Jeremy DiPietro peering in a back

> window of my home, 12 ft off the ground. The warrant and seizure were based on lies that my animals had no food/water and were in peril. My pets have lived in tiny cages in a dark shed at NECCOG for a year, never let out. Their hired vet claimed that 5 of my pets were euthanized [on] July 10, 2024 for grave illness, but their own necropsy reports prove this untrue.

(Amended Complaint at 5.)

The seizure on July 10, 2024, of the plaintiff's pets led to the filing of a verified petition by Hutchins seeking permanent ownership of the animals pursuant to Connecticut General Statutes § 22-329a(c). See Connecticut Superior Court, Judicial District of Hartford, Docket No. HHD-CV24-6188464-S, Northeastern Connecticut Council of Governments Animal Services Ex Rel Jennifer Hutchins v. Tracy Donovan. After a series of hearings, on January 24, 2025, the Superior Court issued a memorandum of decision, vesting permanent ownership of the animals with the Northeastern Connecticut Council of Governments Animal Services ("NCCOG").

The plaintiff appealed to the Appellate Court of Connecticut, and the decision of the trial court was affirmed. See Ne. Connecticut Council of Governments Animal Servs. ex rel. Hutchins v. Donovan, 237 Conn. App. 812 (2026). The plaintiff filed a petition for certification to appeal with the Supreme Court of Connecticut, which was denied. See Ne. Connecticut Council of Governments Animal Servs. ex rel. Hutchins v. Donovan, 354 Conn. 940 (2026).

In the Amended Complaint, where the plaintiff is asked to state briefly "what damages or other relief the plaintiff asks the court to order," the plaintiff states: "I seek the return of my pets." (Amended Complaint at 5.)

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it[.]'" Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l., 790 F.3d 411, 416-17 (2d. Cir. 2015) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). On a Rule 12(b)(1) motion to dismiss, the party asserting subject matter jurisdiction "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).

When deciding a motion to dismiss under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). However, the court is "not to draw inferences from the complaint favorable to the plaintiffs." J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004). Rather, "jurisdiction must be shown affirmatively, and that showing is not made by

drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Norton v. Larney, 266 U.S. 511, 515 (1925)).

**B. Rule 12(b)(2)**

"The lawful exercise of personal jurisdiction by a federal court requires satisfaction of three primary requirements. First, the plaintiff's service of process upon the defendant must have been procedurally proper. . . . Second, there must be a statutory basis for personal jurisdiction that renders such service of process effective. . . . Third, the exercise of personal jurisdiction must comport with constitutional due process principles." Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 59-60 (2d Cir. 2012).

In responding to a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing personal jurisdiction over the defendant." MacDermid, Inc. v. Deiter, 702 F.3d 725, 727 (2d Cir. 2012).

**C. Rule 12(b)(5)**

"Under Rule 12(b)(5), a party may file a motion to dismiss due to insufficiency of service of process." Carney v. Beracha, 996 F. Supp. 2d 56, 61 (D. Conn. 2014). "A motion to dismiss pursuant to Rule 12(b)(5) must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants

pursuant to Rule 4 of the Federal Rules, which sets forth the federal requirements for service." Id. "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." Id.

## III. DISCUSSION

### A. Jennifer Hutchins

Hutchins contends that the Amended Complaint must be dismissed pursuant to the Rooker-Feldman doctrine with respect to the claim against her in both her individual and official capacities. The court agrees.

"The Rooker-Feldman doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

"Rooker-Feldman directs federal courts to abstain from considering claims when four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." McKithen v. Brown, 626 F.3d 143, 154 (2d Cir.

2010).

Here, all of the requirements of the Rooker-Feldman doctrine are satisfied. As to the first requirement, Donovan lost in the state court. As to the second requirement, the state court judgment awarded custody of her pets to NCCOG, and the injury Donovan complains of is the fact that NCCOG has custody of her pets; that situation was caused by the state court judgment. As to the third requirement, Donovan invites this court's review of the state court judgment, because she seeks immediate return of her pets and that cannot be accomplished unless this court enters an order overruling the state court. As to the fourth requirement, this suit was commenced on July 9, 2025, months after the state trial court entered its judgment on January 24, 2025. The date on which the state trial court entered its judgment is the date that must be used. See T. M. v. Univ. of Maryland Med. Sys. Corp., 146 S. Ct. 1739, 1752 (2026) ("Federalism principles are thus best served by continuing to apply Rooker-Feldman to federal cases in which plaintiffs seek review of state-court judgments, regardless of whether those judgments are final trial-court judgments or those of a State's highest court.").

Therefore, Hutchins' motion to dismiss should be granted, because the plaintiff's claim against her is barred by the Rooker-Feldman doctrine.

**B. Jeremy DiPietro**

Under Rule 4(e) of the Federal Rules of Civil Procedure, service of a summons is properly effectuated by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

The plaintiff attempted to serve DiPietro in his individual capacity by way of "priority mail - delivered". See ECF No. 43. However, that is not sufficient.

"With respect to an individual who is an officer or employee of the State but is not sued as such, Connecticut law requires that service be made by 'leaving [the summons and complaint] with the defendant[ ] or at his usual place of abode'" pursuant to Conn. Gen. Stat. § 52-57(a). Bogle-Assegai v. Connecticut, 470 F.3d 498, 507 (2d Cir. 2006). See e.g., Eiden v. McCarthy, 531 F. Supp. 2d 333, 344 (D. Conn. 2008) ("Service on a defendant through the Attorney General is

insufficient to subject her to suit in her individual capacity.”) (cleaned up).

Therefore, to serve DiPietro in his individual capacity, the plaintiff must either personally serve him or leave a copy of the process at DiPietro's usual abode or with an authorized agent, pursuant to Conn. Gen. Stat. § 52-57(a). “Priority mail - delivered” does not satisfy any of those requirements.

With respect to defendant DiPietro in his official capacity, as an initial matter, the only relief the plaintiff seeks is an injunction ordering the immediate return of her pets. However, custody was awarded to NCCOG, not the State of Connecticut. Therefore, State Animal Control Officer DePietro, in his official capacity, lacks the ability to comply with any court order directing that the plaintiff’s pets be returned to her.

However, assuming arguendo, that the plaintiff could advance a theory for seeking relief from DePietro in his official capacity, any such claims are barred by the doctrine of sovereign immunity.

“Absent proper Congressional abrogation or State waiver, the Eleventh Amendment bars a federal court from hearing suits at law or in equity against a State brought by citizens of that State or another.” Vega v. Semple, 963 F.3d 259, 281 (2d Cir. 2020). “This jurisdictional bar also immunizes a state entity

that is an arm of the State, including . . . a state official acting in his or her official capacity." In re Deposit Ins. Agency, 482 F.3d 612, 617 (2d Cir. 2007)(internal citations omitted).

"There is a well-known exception to this rule—established by the Supreme Court in Ex parte Young and its progeny—by which suits for prospective relief against an individual acting in his official capacity may be brought to end an ongoing violation of a federal law." Vega, 963 F.3d at 281 (emphasis added). But the Amended Complaint focuses entirely on a single search and seizure that occurred in July of 2024. Because the event occurred entirely in the past, the requested relief is retrospective in nature, i.e., it seeks to remedy a past grievance rather than restrain an ongoing constitutional violation. Thus, the Ex parte Young exception does not apply.

Therefore, defendant DiPietro's motion to dismiss should be granted with respect to both his individual and official capacities.

**IV. CONCLUSION**

For the reasons set forth above, defendant Jennifer Hutchins' Motion to Dismiss First Amended Complaint (ECF No. 50) and defendant Jeremy DiPietro's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 52) are hereby GRANTED.

It is so ordered.

Dated this 17th day of August 2026, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge